·CAUSE NO. 750,313

| THE STATE OF TEXAS | § | IN THE 263RD JUDICIAL |
|---|---|---|
| | § | |
| V. | § | DISTRICT COURT OF |
| | § | |
| REINALDO DENNES | § | HARRIS COUNTY, TEXAS |

**APPELLANT'S FIRST AMENDED DESIGNATION OF RECORD ON APPEAL**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, REINALDO DENNES, Appellant in the above-styled and numbered cause, by and through his attorney on appeal, LEORA KAHN, and files this his first amended designation of record on appeal requests that the clerk of this Honorable Court make and prepare as part of the record in the appeal of this case true and correct copies of the following matters:

1. All pleadings filed by the Defendant and by the State of Texas, and all rulings of the Court thereon.

2. All docket entries made by the Court.

3. The testimony of all witnesses during all pre-trial hearings, the hearing on guilt/innocence and the hearing on punishment.

4. All hearings held outside the presence of the jury.

5. All communications between the Trial Court and the jury.

6. All communications between the Trial Court and the Defendant, Counsel for the Defendant, and Counsel for the State.

7. The Court's charge submitted by the Court to the jury during the hearings on guilt/innocence and punishment.

8. All objections, whether oral or in writing, made by the Defendant to the Court's Charge submitted to the jury during the hearings on guilt/innocence and punishment, and all rulings thereon.

9. All requested instructions, whether oral or written, made by the Defendant to the Court's Charge submitted to the jury during ' the hearings on guilt/innocence and

1

punishment, and all rulings of the Court made thereon.

10. All jury arguments of Counsel for the State and Counsel for the Defendant during the hearings on guilt/innocence and punishment.

11. The respective verdicts of the jury during the hearings on guilt/innocence and punishment.

12. All notes sent by the jury to the Court, the Court's response thereto and all objections and requested instructions made by the Defendant to each such jury note and response of the Court thereof.

13. The judgment and sentence of the Court.

14. The Defendant's Motion for New Trial and any amendments thereto.

15. A transcription of all testimony and evidence introduced at the hearing on the Defendant's Motion for New Trial and the Order of the Court with respect thereto.

16. The Defendant's Notice of Appeal.

17. All Bills of Exception, rulings of the Court hereon and a transcription of all proceedings held pursuant to said Bills of Exception.

18. The original of the exhibits introduced into evidence before the jury.

19. The original of all exhibits introduced into evidence before the Court.

20. A true and correct copy of the jury list, reflecting the respective strikes of the State and the Defendant.

21. All written motions, pleas and orders of the Court.

22. The Appeal Bond.

23. A transcription of the entire Statement of Facts, including the testimony of all witnesses who testified before the Court and/or jury, and the opening statements, if any, made by the Court for the State and counsel for the Defendant.

24. A transcription of the voir dire examination of the jury panel.

25. The Designation of Record on Appeal.

2

26. The request by the Defendant of a Statement of Facts in this cause.

27. The First Amended Designation of Record on Appeal.

28. The Juror Questionnaires of the twelve jurors and the two alternate jurors who served in this case.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that the Clerk and the Court Reporter in this Court make and prepare as part of the record in the appeal in this cause true and correct copies of all matters stipulated above, and make them a part of the record in the appeal of this cause.

Respectfully submitted,

LEORA KAHN
TBC #11073100
Eleven Greenway Plaza
Suite 3112
Houston, Texas   77046
(713) 222-1353
FAX:   961-5954

FILED
OCT 0 3 1997
Time: 10:30
Harris County Texas
By _____
Deputy

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing motion was mailed and/or hand delivered to the office of the Harris County District Attorney, 201 Fannin, Suite 200, Houston, Texas   77002, on this the 7th day of October, 1997.

LEORA KAHN

3

000223

ꝩ014-9694

CAUSE NO. 750,313

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 263RD JUDICIAL |
| | § | |
| V. | § | DISTRICT COURT OF |
| | § | |
| REINALDO DENNES | § | HARRIS COUNTY, TEXAS |

MOTION TO PRESERVE AND FILE
JUROR QUESTIONNAIRES, INCLUDING THAT OF JUROR, IRENE COLLINS
WITH THE PAPERS OF THE COURT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW REINALDO DENNES, Defendant herein, by and through his attorney, LEORA TEICHER KAHN, and pursuant to U. S. CONST. amends. V, VI, and XIV, and TEX. CONST., Arts. 1 §§ 3, 3a, 10, 15, and 19, and moves this Court to order Charles Bacarisse, the District Clerk of Harris County, Texas and his agents and employees to preserve the juror questionnaires of the persons who were sworn and served as jurors in the trial of Reinaldo Dennes, Defendant, in the above-styled and numbered Cause, including, specifically, the juror questionnaire of juror, Irene Collins. Further, Defendant respectfully moves the Court to order Charles Bacarisse, the District Clerk of Harris County, Texas, to file the juror questionnaires, specifically the questionnaire of juror Irene Collins with the papers of the Court. In support thereof, he would show the Court:

I.

Defendant, Reinaldo Dennes was found guilty of the offense of capital murder in the above-styled and numbered Cause. On September 4, 1997, Defendant was sentenced in open court to death by lethal injection.

RECORDER'S MEMORANDUM.
This instrument... poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming.

000223

## II.

Defendant has filed a Motion for New Trial. At issue is the violation of Defendant's rights to effectively exercise peremptory challenges by the material misrepresentation of juror, Irene Collins, regarding her criminal history (accusations and/or convictions), as evidenced by her statements and responses, under oath and in writing contained within her juror questionnaire, provided to the attorneys and to the Court for purposes of voir dire in this case.

## III.

The juror questionnaires are in the custody and control of the District Clerk's office, Harris County, Texas and are essential to the proper representation of the Defendant.

## IV.

Defendant would be deprived of Due Process and the opportunity to present evidence in a hearing on A Motion for New Trial in this case, absent this Order from the Court.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that this Court grant his motion in its entirety and Order the District Clerk of Harris County, Texas, Charles Bacarisse, his agents and employees, to preserve the juror questionnaires of the jurors, specifically and including, Irene Collins, who served in the above-styled and numbered Cause.

DEFENDANT PRAYS FURTHER, that this Court Order the District Clerk of Harris County, Texas, Charles Bacarisse, his agents and employees, to include the juror questionnaires of the jurors, specifically and including, Irene Collins, who served in the above-styled and numbered Cause with the papers of the Court in this matter and for the Court of Criminal Appeals.

Respectfully Submitted,

F I L E D
CHARLES BACARISSE
District Clerk

OCT 28 1997

Time: 11:30 AM
Harris County, Texas

By _____ Deputy

Leora Teicher Kahn
T.B.C. No. 11073100
11 Greenway Plaza
Suite 3112
Houston, Texas 77046
(713) 222-1353
FAX:  (713) 961-5954

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the attached and foregoing document has been served on the Harris County District Attorney's Office by hand delivering a copy to the assistant district attorney handling the case on this 27th day of _____, 1997.

Leora Teicher Kahn

74013-9842

CAUSE NO. 750,313

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 263RD JUDICIAL |
| V. | § | DISTRICT COURT OF |
| REINALDO DENNES | § | HARRIS COUNTY, TEXAS |

ORDER

CAME TO BE HEARD Defendant's Motion to Preserve and File Juror Questionnaires, Including that of Juror, Irene Collins with the Papers of the Court. The motion is in all things GRANTED.

IT IS THEREFORE ORDERED that Charles Bacarisse, the District Clerk of Harris County, Texas, his deputies and/or employees [hereinafter referred to collectively as the District Clerk's Office] to preserve the juror questionnaires of the jurors who served in the above-styled and numbered Cause, specifically and including, Juror, Irene Collins.

IT IS FURTHER ORDERED that the District Clerk's Office include the juror questionnaires of the jurors who served in the above-styled and numbered Cause, specifically and including, Juror, Irene Collins, with the papers of the Court in this matter and include them in the transcript to be filed with the Court of Criminal Appeals.

SIGNED AND ENTERED THIS ___28___ DAY OF ___OCT___, 1997.

_____
JUDGE PRESIDING

Court Coordinator No. 2-A

CAUSE NO. 750313     CHARGE_____

THE STATE OF TEXAS     263 DISTRICT COURT

VS.      OF HARRIS COUNTY, TEXAS.

_____
Defendant

**AGREED SETTING**

The undersigned Counsel hereby agrees this case is reset for

_MNT_ _____ 11 — 13 — 57
(Type of Setting)         (Date)

_____
Attorney for the State      IN CUSTODY
          (Defendant)

     _LEIGH KAY_
     (Print Attorney for Defendant)

     _____
     (Signature) Attorney for Defendant

     11 GREENWAY #312
     (Street Address)

     HOUSTON TX 77046
     (City) (State) (Zip)

     222-1353
     (Phone Number)

     11043100
     (Bar Number)

APPROVED BY THE COURT:

_____
Judge Presiding

_____
Date

**F I L E D**
CHARLES BACALA

NOV 0 6 1997
Time: _12:50__
Harris County, Texas

By _____
          Deputy

DISTRICT CLERK        000233

B014-968 m

CAUSE NO. 750313

THE STATE OF TEXAS                §    IN THE DISTRICT COURT FOR
                                  §
V.                                §    THE 263RD JUDICIAL DISTRICT
                                  §
REINALDO DENNES                   §    HARRIS COUNTY, TEXAS

---

JOHN B. HOLMES, JR.'S MOTION TO QUASH
SUBPOENA DUCES TECUM AND REQUEST FOR PROTECTIVE ORDER

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JOHN B. HOLMES, JR., HARRIS COUNTY DISTRICT ATTORNEY
(hereinafter "district attorney"), by and through the undersigned assistant district attorney and moves
the Court for an order quashing the subpoena duces tecum served upon him and for a protective
order. The district attorney would respectfully show the Court the following:

I.
*Factual Background*

On November 11, 1997, Harris County District Attorney John B. Holmes, Jr. was served with a
subpoena duces tecum. *See* Exhibit A, which is attached and incorporated herein. The subpoena
commanded Mr. Holmes or the Custodian of Records for the Harris County District Attorney's Office
to appear in the 263rd District Court on November 13, 1997 and to produce the following documents:

All files, papers, documents, and contracts in possession of [the] Harris County District
Attorney's Office regarding David Balderas' cooperation with agents/agencies of the
State of Texas and/or Harris County District Attorney's Office in the investigation and
prosecution of Special Crimes, including but not limited to contracts between David
Balderas and [the] Harris County District Attorney's Office.

1

000234

## II.
### Materials in Controversy

The district attorney specifically objects to the production of the documents requested because one of the documents is protected by the work product privilege of the State and the other document should remain confidential because of the nature of the document itself. The only documents responsive to the defendant's subpoena duces tecum are:

> (1) A two-page letter from the Houston Police Department to the Harris County District Attorney's Office; and
>
> (2) A three-page contract.

Accordingly, since the documents are privileged and confidential, the Court should quash the subpoena duces tecum and enter a protective order.

## III.
### Work Product Privilege — Police Correspondence With Prosecutors

Police investigative reports, including correspondence with prosecutors regarding police investigations, have been found to constitute the privileged work product of the State of Texas, exempt from disclosure in either criminal or civil cases. *See Anderson v. Higdon,* 695 S.W.2d 320 (Tex. App.-Waco 1985, writ ref'd n.r.e.) (sheriff's investigative report found to constitute privileged work product under TEX. R. CIV. P. 166b); *Brem v. State,* 571 S.W.2d 314 (Tex. Crim. App. 1978) (holding that police offense reports and "prosecution files and papers" constitute privileged "work product" of the State and are not subject to discovery).

Also, the Texas Supreme Court held in *Hobson v. Moore,* 734 S.W.2d 340 (Tex. 1987), that internal law enforcement reports were subject to a "law enforcement privilege" from discovery in

2

related civil litigation; and it recently confirmed that the contents of prosecutors' files are subject to work product privilege. *State ex rel. Curry v. Walker*, 873 S.W.2d 379 (Tex. 1994). Since police investigative reports and similar materials have been characterized as "work product" of counsel for the State, they remain privileged from disclosure under *Owens-Corning Fiberglas v. Caldwell*, 818 S.W.2d 749 (Tex. 1991), after conclusion of the case for which they were created.1

Because the document listed in item (1) in paragraph II of this motion is the work product of the State's investigators prepared in anticipation of criminal litigation, it is privileged from discovery in this proceeding. Further, since the document in item (2) is a contract, by its very nature, it should remain confidential and production should be denied and the subpoena duces tecum should be quashed.

## IV.
### In Camera Review

The State has no objection to in camera review of the materials withheld from disclosure, and will promptly deliver sealed copies of those materials to the Court should the Court find that such

---

1    The district attorney recognizes that the *Curry* court reserved the issue of whether the work product doctrine applies to a prosecutor's file for a case no longer pending. *Id.* at 380, n.1. That issue must inevitably be resolved in favor of continued recognition of the work product privilege for the contents of so-called "closed" files, however, since the Supreme Court has already determined that the work product privilege for litigation materials survives the disposition of the case for which the work product was prepared, and is perpetual in duration. *Owens-Corning Fiberglas v. Caldwell*, 818 S.W.2d 749 (Tex. 1991).

The same considerations compelling recognition of a perpetual work product privilege for materials in the possession of a private attorney apply to materials in the possession of an attorney for a governmental entity. The United States Supreme Court has observed that the role of the work product doctrine "in assuring the proper functioning of the criminal justice system is even more vital" than its more common application in civil litigation. *See Curry*, 873 S.W.2d at 380 (quoting *United States v. Nobles*, 422 U.S. 225, 95 S.Ct. 2160 (1975)).

000226

review is necessary to its determination of whether said materials are privileged and exempt from disclosure and confidential by the very nature of the document.

Should the Court find, upon in camera review, that any undisclosed materials are subject to disclosure, the State requests that they be returned to the Harris County District Attorney prior to release to the defendant, to permit the State an opportunity to seek appellate review of any such determination.

V.
Certificate of Service

Service has been accomplished by hand delivering a true and correct copy of this instrument to counsel for the defendant on the date of filing with the clerk of this Court.

THEREFORE, the State respectfully requests that the Court quash the subpoena duces tecum seeking disclosure of the of the above-described materials and find that said materials are privileged from disclosure and confidential and enter a protective order.

Respectfully submitted,

JON M. VOLLMAN
Assistant District Attorney
201 Fannin
Houston, Texas 77002
(713) 755-5826
FAX (713) 755-5826
State Bar of Texas No. 20609500

F I L E D
CHARLES BACARISSE
District Clerk

NOV 1 3 1997

Time: _____
Harris County, _____

By _____

4

000237

RECEIVED
DISTRICT ATTORNEY'S OFFICE

NOV 12 1997

## APPLICATION AND AFFIDAVIT OF DEFENDANT

263rd DISTRICT COURT

To the Clerk of } COUNTY CRIMINAL COURT AT LAW NO._____ of Harris County, Texas

Comes now the Defendant and makes application for issuance of subpoena for the herein below named person.

IN THE CASE OF THE STATE OF TEXAS vs. REINALDO DENNES

_____, No. 710,313, charged with

_____

you will please issue _____ subpoena, in accordance with law, for the following named witness, residing in the State of Texas, as below set out:

1. JOHN B. HOLMES, JR. CUSTODIAN OF RECORDS
   whose vocation is that of DISTRICT ATTORNEY HARRIS COUNTY
   and whose location is 201 FRANKLIN County: HARRIS
   HOUSTON, TEXAS

2. _____
   whose vocation is that of _____ County:_____
   and whose location is _____

3. ☆ AND BRING WITH YOU & ALL FILES, PAPERS AND
   whose vocation is that of _____ County:_____
   and whose location is _____

4. DOCUMENTS IN POSSESSION OF HARRIS
   whose vocation is that of _____ County:_____
   and whose location is _____

5. COUNTY DISTRICT ATTORNEY'S OFFICE
   whose vocation is that of _____ County:_____
   and whose location is _____

6. REGARDING DAVID BALDERAS' COOPERATION WITH
   whose vocation is that of _____ County:_____
   and whose location is _____

7. AGENTS / AGENCIES OF THE STATE OF TEXAS IN THE
   whose vocation is that of _____ County:_____
   and whose location is _____

8. INVESTIGATION AND PROSECUTION OF SPECIAL CRIMES
   whose vocation is that of _____ County:_____
   and whose location is _____

9. AND ALL CONSIDERATION AND CONTRACTS BETWEEN THE STATE
   whose vocation is that of _____ County:_____
   and whose location is _____
   DAVID

10. OF TEXAS OR HARRIS COUNTY DISTRICT ATTORNEY OFFICE AND BALDERAS.
    whose vocation is that of _____ County:_____
    and whose location is _____

The testimony of said witness_____ is believed to be material to the defense on the trial case. Returnable on the 13th day of NOV , A.D. 19 97 at 9 o'clock a.m.

LEVRA KAHN, ATTORNEY AT LAW
11 GREENWAY # 3112
HOUSTON, TX. 77046
713. 961-5902 . FAX: 713.961-5932

Sworn to and subscribed to before me this _____ day of _____, A.D. 19____

CHARLES BACARISSE, District Clerk
Harris County, Texas

By_____
                Deputy

_____
NOTARY, Commission Expires::_____

JEAN E. LARSON
MY COMMISSION EXPIRES
April 11, 2001

CRM-53 R01-01-95

000238

SUBPOENA _DUCES-TECUM_ **RECEIVED**
DISTRICT ATTORNEY'S OFFICE

NOV 1 2 1997

CAUSE NO. _750,313_

THE STATE OF TEXAS

vs.

_RENACDO DENNES_

IN THE _263 RD_ DISTRICT COURT

COUNTY CRIMINAL COURT AT LAW NO. _____

OF HARRIS COUNTY, TEXAS

TO ANY PEACE OFFICER OF HARRIS COUNTY OR OTHER PERSON AUTHORIZED IN ACCORDANCE WITH ART. 24.01(b) C.C.P. - GREETINGS:

Name Of Person Other Than A Peace Officer To Execute Summons: _____*____

YOU ARE HEREBY COMMANDED TO SUMMON _John B. HOLMES, JR. OR CUSTODIAN_
_OF RECORDS, HARRIS COUNTY DISTRICT ATTORNEY'S_
_OFFICE, 201 FANNIN, HOUSTON, TX. 77002_

*AND BRING WITH YOU ALL FILES, PAPERS, DOCUMENTS,
AND CONTRACTS CONTAINED IN POSSESION OF HARRIS COUNTY
DISTRICT ATTORNEY'S OFFICE REGARDING DAVID BARDACH'
COOPERATION WITH AGENTS/AGENCIES OF THE STATE OF TEXAS
AND/OR HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE IN THE
INVESTIGATION AND PROSECUTION OF SPECIAL CRIMES, INCLUDING,
BUT NOT LIMITED TO CONTRACTS BETWEEN DAVID BARDACH & HARRIS
COUNTY DISTRICT ATTORNEY'S OFFICE_

if to be found in your county, to be and appear before the above designated court in and for

Harris County, on _NOV · 13, 1997_ at 8:45 a.m., to give evidence in behalf of the State

and Defendant in the above styled cause, and there to remain from day to day, and from term

to term until discharged by the Court.

WITNESS my official signature on _NOV · 10, 1997_

CHARLES BACARISSE, District Clerk
Harris County, Texas

STATE _LEXLA KAHN, ATTORNEY AT LAW_
DEPT.

By _____, Deputy

_11 GREENWAY #311V_
_HOUSTON, TX 77046_

_713: 961-5902_
_FAX: 713: 961-5856_

**SHERIFF'S RETURN**

Came to hand on the _____ day of _____ 19 _____ and executed by

summoning the within named witness _____ in person, in the County of Harris, at the dates

as herein stated, viz:

| Date of Service | Name | Miles | Direction | Fee For Service | Fee For Mileage | Total Fee |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | TOTAL FEE... | |

and not executed as to witness _____

the diligence used in finding said witness _____ being _____

and who after due search and diligent inquiry, cannot be found in Harris County, Texas.

Sheriff of Harris County, Texas

By _____, Deputy

000239

CRM-51 R012-13-95

CAUSE NO. 750313

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT FOR |
| | § | |
| V. | § | THE 263RD JUDICIAL DISTRICT |
| | § | |
| REINALDO DENNES | § | HARRIS COUNTY, TEXAS |

## O R D E R

The Court considered John B. Holmes, Jr.'s Motion to Quash the Subpoena Duces Tecum and Request for Protective Order, the response, if any, any evidence presented and the applicable law and is of the opinion that the motion is meritorious and should be GRANTED. It is therefore

ORDERED that the subpoena duces tecum served upon John B. Holmes, Jr. Is QUASHED and a protective order issued so that no disclosure of the items described in the district attorney's motion shall be produced.

JUDGE PRESIDING
263rd District Court

5

000240

# SUPPLEMENTAL

## CLERK'S RECORD

VOLUME 1 of 1

Trial Court Cause No. 750313

In the County Criminal Court at Law #    of Harris County, Texas

In the 263rd District Court of Harris County, Texas

Honorable JIM WALLACE, Judge Presiding

---

### REINALDO DENNES, **APPELLANT**

VS

### THE STATE OF TEXAS

---

Appealed to the Court of Criminal Appeals of Texas, at Austin, Texas

---

Attorney for Appellant(s)

LEORA KAHN

ATTORNEY OF RECORD

11 GREENWAY PLAZA, SUITE 3010

HOUSTON, TEXAS 77046

Telephone No: (713) 222-1353

SBOT No: 61073100

---

Delivered to the Court of Criminal Appeals of Texas, at Austin, Texas on the 29th day of January, 1999.

CHARLES BACARISSE, District Clerk
Harris County, Texas

By: Lydia Medellin, Deputy

---

(Court of Appeals) Cause No. _____
Filed in the (Supreme Court of Texas at Austin, Texas,
Or Court of Criminal Appeals of Texas at Austin, Texas,
Or Court of Appeals for the _____ District of Texas, at _____, Texas)
This _____ day of _____, _____.
_____, Clerk
By _____, Deputy

# INDEX

|  | DATE FILED | PAGE |
|---|---|---|
| REQUEST FOR SUPPLEMENTAL | 11/24/98 | 4 |
| APPLICATION FOR SUBPOENA | 11/12/97 | 3 |
| REQUEST FOR NOTICE OF INTENT TO OFFER EXTRANEOUS CONDUCT AT THE GUILT/INNOCENCE PHASE | 12/4/96 | 1 |
| AFFIDAVIT | 1/29/99 | 5 |
| CERTIFICATE OF THE CLEKR |  | 6 |

14A989
TOVG-991

### IN THE 263RD DISTRICT COURT
### OF HARRIS COUNTY, TEXAS

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | |
| V. | § | CAUSE NUMBER ~~716325~~ |
| | § | 750313 |
| REINALDO DENNES | § | |

### REQUEST FOR NOTICE OF INTENT TO OFFER
### EXTRANEOUS CONDUCT AT THE GUILT/INNOCENCE PHASE

TO:  Chuck Rosenthal, assistant district attorney:

Pursuant to Texas Rules of Criminal Evidence 404(b) and 609(f), defendant requests written notice of the State's intent to offer evidence of extraneous offenses or acts of misconduct of the defendant at the guilt/innocence phase of the trial.  This includes prior convictions, deferred adjudications, pending charges and uncharged conduct.

Defendant further requests that the State provide the name, address and telephone number of all persons who will testify regarding these matters, and copies of all documents evidencing any convictions, deferred adjudications, or pending charges and all documents relevant to other crimes, wrongs, or acts under Rule 404(b).

Defendant requests a written response at least 30 days before the commencement of trial to enable counsel to investigate and prepare for trial.

1

Sincerely,

Wendell A. Odom, Jr.
State Bar No. 15208500

1301 McKinney, Suite 3100
Houston, Texas 77010
(713) 951-9555
(713) 951-9854 (facsimile)

Attorney for Defendant,
Reinaldo Dennes

## CERTIFICATE OF SERVICE

A copy of this request was served on the attorney for the State on _____ /2 - 4 _____, 1996.

Wendell A. Odom, Jr.

1996 DEC -4 PM 4: 16

2

000002

RECEIVED
DISTRICT ~~~~~~~~ OFFICE

NOV 12 1997

### APPLICATION AND AFFIDAVIT OF DEFENDANT

246 ²ⁿ DISTRICT COURT

To the Clerk of } COUNTY CRIMINAL COURT AT LAW NO._____ of Harris County, Texas

Comes now the Defendant and makes application for issuance of subpoena for the herein below named person.

IN THE CASE OF THE STATE OF TEXAS vs. _REYNALDO DEWILS_

_____ , No. _710,313_ , charged with

you will please issue _____ subpoena _S_ _____ in accordance with
law, for the following named witness. _____ residing in the State of Texas, as below
set out:                                    OK

1. _JOHN B. HOLMES JR._ * _CUSTODIAN OF RECORDS_ *
   whose vocation is that of _DISTRICT ATTORNEY HARRIS COUNTY_
   and whose location is _201 FANNIN_ /County: _HARRIS_

2. _HOUSTON, TEXAS_
   whose vocation is that of _____ County: _____
   and whose location is

3. _* AND BRING WITH YOU & ALL FILES, PAPERS AND_
   whose vocation is that of _____ County: _____
   and whose location is

4. _DOCUMENTS IN POSSESSION OF HARRIS_
   whose vocation is that of _____ County: _____
   and whose location is

5. _COUNTY DISTRICT ATTORNEY'S OFFICE_
   whose vocation is that of _____ County: _____
   and whose location is

6. _REGARDING DAVID BALDERAS' COOPERATION WITH_
   whose vocation is that of _____ County: _____
   and whose location is

7. _AGENTS/AGENCIES OF THE STATE OF TEXAS IN THE_
   whose vocation is that of _____ County: _____
   and whose location is

8. _INVESTIGATION AND PROSECUTION OF SPECIAL CRIMES_
   whose vocation is that of _____ County: _____
   and whose location is

9. _AND ALL CONSIDERATION AND CONTRACTS BETWEEN THE STATE_
   whose vocation is that of _____ County: _____
   and whose location is

10. _OF TEXAS OR HARRIS COUNTY DISTRICT ATTORNEY OFFICE AND_ _DAVID BALDERAS._
    whose vocation is that of _____ County: _____
    and whose location is

The testimony of said witness _S_ is believed to be material to the defense on the trial
case. Returnable on the _13_ᵗʰ day of _NOV_ , A.D. 19_97_ at 9 o'clock a.m.

_LEORA KAHN, ATTORNEY AT LAW_
_11 GREENWAY #3112_
_HOUSTON, TX 77046_
_713: 961-5902 . FAX: 713: 961-5954_
Sworn to and subscribed to before me this _____ day of _____ , A.D. 19_____

CHARLES BACARISSE, District Clerk
Harris County, Texas

By_____
                Deputy

_Jean E. Larson_
NOTARY, Commission Expires:: _____

JEAN E. LARSON
MY COMMISSION EXPIRES
April 11, 2001

CRM-53  R01-01-95

000002

**LEORA KAHN**
Attorney at Law
11 Greenway Plaza #3010
Houston, Tx 77046
713/222-1353

November 20, 1998

Harris County District Clerk
Criminal Appellate Section
301 San Jacinto
Houston, Texas 77002

716325

Re: <u>State</u> <u>v.</u> <u>Reinaldo</u> <u>Dennes</u>, Cause No. 750313, 263rd Judicial
District Court, Cause No. 72966, Court of Criminal Appeals

Dear Sirs,

I am requesting that you prepare a supplemental record with the
following instruments filed in the trial court under this cause
number:

(1) Defendant's motion for continuance, filed 8-18-97;

(2) Defendant's amended motion for new trial, filed 10-6-97;

(3) Defendant's request for notice of extraneous offenses to be
used by the State during the punishment phase of trial, filed
12-4-96.

(4) Defendant's application for subpoena duces tecum, directed to
John B. Holmes or custodian of records, issued by attorney Leora
Kahn, filed 11-12-97.

Please prepare a supplement clerk's record, consisting of this
letter and the above requested instruments, and transmit to the
Court of Criminal Appeals as soon as possible.

**F I L E D**
CHARLES BACARISSE
District Clerk

NOV 2 4 1998

Time: _____
Harris County, Texas

By _____
Deputy

Sincerely,

Leora Kahn

cc: Harris County District Attorney's Office
State's Prosecuting Attorney

## CAUSE NO. 9420592-D

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | **IN THE 263rd DISTRICT COURT** |
| **VS.** | § | |
| **Reinaldo Dennes** | § | **OF HARRIS COUNTY, TEXAS** |

### AFFIDAVIT

**BEFORE ME,** the undersigned authority personally appeared <u>Donna Valis</u>, who, being duly sworn deposed as follows.

My name is Donna Valis. I am a Deputy District Clerk assigned as supervisor of the Post Trial Section of the Criminal Bureau.

In the case of the State of Texas versus Reinaldo Dennes, cause number #750313. I was notified that the Motion for Continuance and the Amended Motion for New Trial were missing from the casefile.

The Motion for Continuance was entered on August 18, 1997. The Amended Motion for New Trial was entered on October 06, 1997. I have made a diligent effort in searching the file, other departments, the courtroom, closed files and the micrographic department in order to locate these documents.

These two documents (Motion for Continuance and the Amended Motion for New Trial) have inadvertently been misplaced.

_____
Donna Valis, Post Trial Supervisor

SWORN TO AND SUBSCRIBED before me on the 29 day of January 1999.

_____
Ron Luster, Manager Post Trial
Criminal Bureau

**F I L E D**
**CHARLES BACARISSE**
**District Clerk**

**JAN 2 9 1999**

Time: _____
Harris County, Texas

By _____
Deputy

000005

**S U P P L E M E N T A L**

## CERTIFICATE OF THE CLERK

THE STATE OF TEXAS                      IN THE 263RD JUDICIAL DISTRICT COURT

COUNTY OF HARRIS                        OF HARRIS COUNTY, TEXAS

I, **CHARLES BACARISSE**, District Clerk of Harris County, Texas, do hereby certify that the above and

foregoing proceedings, instruments and other papers contained in Volume 1 Pages 1- 6  inclusive, to

which this certification is attached and made a part thereof, are true and correct copies of all proceedings,

instruments and other papers specified by Rule 51 (a) and matter designated by the parties pursuant to Rule

51 (b) in Cause No. 750313, styled The State of Texas vs. REINALDO DENNES in said court.

GIVEN UNDER MY HAND AND SEAL of said Court, at office in Harris County, Texas on

January 29th , 1999.

CHARLES BACARISSE,
Harris County District Clerk

By: _Lydia Medellin_
Lydia Medellin, Deputy